**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LOCAL 727, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| | ) | No. 10 C 3484 |
| v. | ) ) ) | |
| METROPOLITAN PIER AND EXPOSITION AUTHORITY and JAMES REILLY, as Trustee of the Metropolitan Pier and Exposition Authority, | ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |
| CHICAGO REGIONAL COUNCIL OF CARPENTERS, | ) ) ) | No. 10 C 3372 (related) |
| v. | ) ) | Judge Ronald A. Guzmán |
| JAMES REILLY, as Trustee of the Metropolitan Pier and Exposition Authority and METROPOLITAN PIER AND EXPOSITION AUTHORITY, | ) ) ) ) ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants ask the Court to stay enforcement of its March 2011 Order pending resolution of their yet to be filed, but impending, appeal. *See* Fed. R. Civ. P. 62(c) ("While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."); *Empresa Cubana Del Tabaco v. Culbro Corp.*, No. 97 Civ. 8399(RWS), 2004 WL 925615, at *1 (S.D.N.Y. Apr. 30, 2004) (entertaining a motion to stay, though it was

"premature because no judgment ha[d] been entered [or] . . . notice of appeal . . . filed" because of "the imminent filing of the entry of final judgment and the representations of both parties of their intent to appeal"); *Thomas v. City of Evanston*, 636 F. Supp 587, 590 (N.D. Ill. 1986) ("'When there is reason to believe that an appeal will be taken, there is no reason why the court should not make an order preserving the status quo during the expected appeal.'" (quoting 11 C. Wright & A. Miller, Federal Practice & Procedure § 2904)). For the reasons set forth below, the Court denies the motion.

**Discussion**

To determine the propriety of a stay, the Court considers: (1) whether defendants have made "a strong showing that [they are] likely to succeed on the merits"; (2) whether they "will be irreparably injured absent a stay"; (3) whether issuing the stay "will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Court takes a "sliding scale approach" to the analysis, weighing the appeal's merit against the harm issuing or denying the stay will inflict. *Cavel Int'l, Inc. v. Madigan*, 500 F.3d 544, 547 (7th Cir. 2007).

The first factor, as the *Thomas* court aptly noted, "presents the most conceptual difficulty." *Thomas*, 636 F. Supp. at 590 (N.D. Ill. 1986). Plainly, the Court does not believe the appeal will succeed or it would not have ruled as it did. That does not mean, however, that the Court wholly discounts defendants' chances of succeeding. The contours of the market participation/regulation distinction are clear enough when the state "interven[es] in the labor relations just of firms from which it buys services." *Metro. Milwaukee Ass'n of Commerce v. Milwaukee Cnty.*, 431 F.3d 277, 278 (7th Cir. 2005). But they are a bit more amorphous in this case where the state is intervening in the labor

relations of firms that conduct business at McCormick Place, an entity financed by the state, but have no relationship with McCormick Place or the state. Given this unique factual scenario and the dearth of analogous cases, the Court acknowledges that defendants have some chance of success on appeal.

With respect to the second factor, defendants argue that denying a stay will harm MPEA's customer relationships and competitive position. *See Gateway E. Ry. Co. v. Terminal R.R. Ass'n of St. Louis*, 35 F.3d 1134, 1140 (7th Cir. 1994) (stating that such injuries are generally regarded as irreparable). In fact, defendants say, "undoing" the statutory changes will "cause more harm than if they had never been implemented." (Defs.' Mem. Supp. Mot. Stay Enforcement Inj. Pending Appeal at 12.) But defendants consciously and repeatedly courted that risk by: (1) implementing the changes while these suits were pending; (2) failing to propose a final order that minimized disruption; and (3) filing these motions, which would not ultimately resolve the suits regardless of how the Court decided them, instead of seeking immediate, expedited appellate review. *See* 28 U.S.C. § 1292(a)(1) ("[T]he courts of appeals shall have jurisdiction of appeals from . . . interlocutory orders . . . granting, continuing, modifying, refusing to dissolve or modify injunctions."); Fed. R. App. P. 2 (stating that the court of appeals may expedite proceedings in any case). Because defendants could have avoided the harm they now decry, it is not a compelling reason to grant a stay.

Moreover, entering a stay would expose plaintiffs to substantial harm. As a result of the statutory changes, many of plaintiff's members have lost income, healthcare coverage and pension contributions. (*See generally* Carpenters' Resp. Opp'n Defs.' Mot. Stay Enforcement Inj. Pending Appeal, Ex. 2, McLaughlin Decl.) Although that is monetary harm, it is not clear that there is a remedy for it. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989) (holding that a state cannot be sued under 42 U.S.C. § 1983); *Bethesda Lutheran Homes & Servs., Inc. v. Leean*, 154 F.3d 716,

718 (7th Cir. 1998) (stating that a municipality "cannot be held liable under section 1983 for acts that it did under the command of state . . . law."); *see Kimbo v. Pepsico, Inc.*, 215 F.3d 723, 727 (7th Cir. 2000) (noting that section 301 of the Labor Management Relations Act preempts state-law claims "to which the interpretation of a [labor agreement] is germane" and thus "could leave the plaintiff remediless" when "the defendant is not a party to the contract"); *Douglas Theater Corp. v. Chi. Title & Trust Co.*, 681 N.E.2d 564, 567 (Ill. App. Ct. 1997) (explaining that a claim for tortious interference with contract requires, among other things, that defendant's conduct caused another to breach its contract with plaintiff); *see also REI Trans., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 699 (7th Cir. 2008) ("If a provision of a contract violates a statute . . . that provision is void."); Restatement (Second) of Contracts § 264 ("If the performance of a duty is made impracticable by having to comply with a domestic or foreign governmental regulation or order, that regulation or order is an event the non-occurrence of which was a basic assumption on which the contract was made."). Even if these injuries can be redressed, a stay would inflict others that cannot: deprivation of collective bargaining rights, erosion of member support and diminution of the union's reputation. *See N.L.R.B. v. Electro-Voice*, *Inc.*, 83 F.3d 1559, 1573 (7th Cir. 1996) ("The deprivation to employees from the delay in bargaining and the diminution of union support is immeasurable.").

Both parties contend that the public interest is on their side. Defendants argue that denying a stay will harm any trade shows and exhibitors who relied on the law and, if any shows leave McCormick Place, local businesses that cater to trade show traffic. Plaintiffs contend that entering a stay will diminish the integrity of the collective bargaining process and the gravity of the agreements it produces thereby contravening a central purpose of the National Labor Relations Act. Both are correct. These cases involve a conflict between two powerful public interests. However, it seems to

4

the Court that the public interest is best served by eliminating the uncertainty that has surrounded the statute since its enactment, a goal that cannot be achieved until these cases are resolved on appeal.

In sum, defendants have some chance of success on appeal but it is not strong enough to outweigh plaintiffs' interest in obtaining relief and the interests of the public and other stakeholders in eliminating the cloud hanging over the statute. Therefore, the Court declines to enter a stay.

## Conclusion

For the reasons set forth above, the Court denies defendants' motions for a stay of enforcement of injunction pending appeal [doc. 93 in 10 C 3484 & doc. 114 in 10 C 3372]. Moreover, the Court denies plaintiffs' joint motion to enter proposed order of permanent injunction [doc. 97 in 10 C 3483 & doc. 118 in 10 C 3372] because the order they propose does not accurately reflect the relief they requested. Further, for the reasons set forth in the March 31, 2011 Memorandum Opinion and Order, the Court enters judgment in favor of plaintiffs and against defendants in each of these cases and enjoins defendants from: (1) enforcing 70 Ill. Comp. Stat. 210/5.4(c) (1)-(3), (5)-(6), (12)-(14), (16) and (19) against Local 727, International Brotherhood of Teamsters; and (2) enforcing 70 Ill. Comp. Stat. 5.4(c)(1)-(3), (6), (8), (10), (12)-(14) against the Chicago Regional Council of Carpenters as set forth in the accompanying order for permanent injunction. These cases are terminated.

**SO ORDERED.**                                **ENTERED:  June 22, 2011**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**